U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

JUL 2 5 2025

FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION**

UNITED STATES OF AMERICA      *
     *
        v.                    *      CR   316-001-01
     *
JEFFREY TYLER HAMILTON      *

## O R D E R

On February 3, 2016, Defendant Jeffrey Tyler Hamilton was indicted with three others for their conspiracy to receive and sell stolen firearms. Hamilton was also indicted on three counts of possession of stolen firearms. Hamilton plead guilty to the conspiracy charge (Count One) and one count of possession of a stolen firearm (Count Two). He was sentenced to serve 63 months on Count One and 60 months on Count Two to be served concurrently. The Judgment and Commitment Order does not indicate whether the federal sentence was to run consecutive to or concurrent with any state sentence.

On July 9, 2025, Hamilton filed two motions concerning his sentence. The first motion seeks a reduction under 18 U.S.C. § 3582(c)(2) based upon Amendment 821 to the United States Sentencing

Guidelines.[1] Specifically, Hamilton points out that he is a "zero-point offender" and is therefore entitled to a retroactive decrease in his offense level. This decrease, however, is not available to offenders who possessed a firearm in connection with his offense of conviction. See U.S.S.G. § 4C1.1(a)(7). In this case, one of Hamilton's convictions was predicated entirely upon his possession of a stolen firearm. Consequently, while it is true that Hamilton was not assessed any criminal history points under the Guidelines, he is not eligible for relief under U.S.S.G. § 4C1.1 as amended by Amendment 821. His motion for sentence reduction under 18 U.S.C. § 3582(c)(2) (doc. no. 279) is **DENIED.**

Hamilton's second motion asks the Court to amend his Judgment and Commitment Order to reflect that his federal sentence is to run concurrent with his subsequently imposed state sentences.[2] The Section Chief of Sentence Computations with the Bureau of Prisons' Designation and Sentence Computation Center ("BOP") asked for the Court's position on the consecutive versus concurrent issue by letter dated March 7, 2025, prompted by Hamilton's administrative request for retroactive designation. Upon consideration and

---

[1] Hamilton filed a substantively identical motion on July 21, 2025. The Clerk is directed to **TERMINATE** the second motion (doc. no. 282) as duplicative.

[2] Actually, Hamilton seeks concurrent designation with respect to his subsequent conviction in Laurens County, Georgia. He fails to mention his convictions in Jeff Davis, Telfair, and Dodge Counties, Georgia.

consultation with the United States Probation Office, the Court advised the BOP that while the instant federal sentence may run concurrent with the Laurens County sentence, his state convictions in the other counties were not directly related to the federal firearms offenses in this case and had no impact on Hamilton's guideline calculation. Accordingly, the Court advised the BOP on March 31, 2025, that the federal sentence should run consecutive to the sentences imposed in Jeff Davis, Telfair, and Dodge Counties. Because the Court has already addressed the issue raised in Hamilton's "Motion to Amend Judgment Nunc Pro Tunc or, In the Alternative, to Issue a Judicial Recommendation for Retroactive Concurrency" (doc. no. 280), the motion is **DENIED AS MOOT**.

**ORDER ENTERED** at Augusta, Georgia, this ___25th___ day of July, 2025.

_____
UNITED STATES DISTRICT JUDGE

3